OPINION
Charles McLemore pleaded guilty to bill of information charging four counts of sexual battery as proscribed by R.C. 2907.03(A)(9): sexual conduct with a minor when the offender is the other person's athletic coach. The trial court sentenced McLemore to four concurrent three-year sentences on July 24, 2000. We permitted a late appeal October 6, 2000. According to the State, McLemore was granted judicial release August 29, 2001.
McLemore advances three assignments of error, all of which implicate his three-year sentence. The State initially contends that the appeal is moot because McLemore has now been granted judicial release. Nevertheless, the State has responded to the assignments on the merits, and we shall do likewise.
 1. THE TRIAL COURT ERRED BY RELYING IN PART ON THE STATE'S FALSE MISREPRESENTATIONS REGARDING THE NATURE OF ITS OWN EVIDENCE AGAINST APPELANT (sic) WHEN MAKING CERTAIN STATUTORY FINDINGS AGAINST APPELLANT AT SENTENCING.
Fourteen-year-old M.C. became pregnant after having had sexual relations on several occasions with McLemore, age 32, who was her school track coach.
The trial court identified the factors in R.C. 2929.12(B) and (C) that it determined applied to this case and concluded that the "more serious" factors — subsection (B) — outweighed the "less serious" factors — subsection (C). McLemore contends the trial court should have found one more "less serious" factor — R.C. 2929.12(C)(1): "(t)he victim induced or facilitated the offense."
Essentially, McLemore contends that in her sentencing memorandum and remarks at sentencing, the prosecutor misrepresented the true state of the facts. In short, McLemore accuses the prosecutor of saying that he had been manipulating and controlling M.C. whereas it was M.C. who had been "coming on" to him. Furthermore, McLemore accuses the prosecutor of falsely stating that he was unable to accept responsibility and was still in denial whereas there was documentary evidence to the contrary.
To a large extent, these contentions are based on police reports which are not part of the record. Appellate counsel, who also served as trial counsel, represents that he filed a sentencing memorandum in "correspondence form" on July 20, 2000, and the trial court acknowledged receiving it "along with attachments." However, this document did not make it into the record.
If the police reports were attached to McLemore's sentencing memorandum, the trial court had the benefit of them. If the trial court was influenced by the prosecutor's sentencing memorandum, it is not reflected by the record. Indeed, the trial court imposed a three-year sentence whereas the prosecutor recommended eight years. Other elements of the record amply support the "more serious" factors identified by the trial court:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 (6) The offender's relationship with the victim facilitated the offense.
The record supports the prosecutor's remarks that McLemore was in denial and unable to accept responsibility. Although he did not deny having intercourse with M.C., McLemore cast M.C. as the instigator of their trysts, put the number of times they had intercourse at four whereas M.C. put the number at approximately fifteen, and was questioning his paternity of M.C.'s child at the time of sentencing.
Finally, the fact that M.C. may have come on to McLemore — and on this record we have only McLemore's word for it — is of little consequence where R.C. 2907.03(A)(9) is concerned. The statute presupposes willing partners and imposes on the adult in McLemore's circumstances the obligation to resist.
While the prosecutor's sentencing memorandum and remarks at sentencing may have been impassioned, the record before us provides ample support for what she wrote and said. Furthermore, the trial court had the benefit of a presentence investigation from its own probation department, a twelve-page forensic evaluation, and defense counsel's sentencing memorandum. Any possible misrepresentations of the background facts by the prosecutor were surely harmless.
It should also be noted that contrary to McLemore's assertion, the probation department did not recommend community control. The forensic evaluator did, however, conclude that McLemore was "a reasonable candidate for (p)robation."
The first assignment is overruled.
 2. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN MAKING THE STATUTORY FINDING THAT APPELLANT WAS UNDER RELEASE FROM CONFINEMENT, UNDER A SANCTION, POST-RELEASE CONTROL, OR OTHER APPLICABLE PROVISION PURSUANT TO § 2929.12(D)(1) O.R.C.
R.C. 2929.12(D) describes two "recidivism likely" factors as follows:
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
On March 5, 1997, McLemore received a thirty-day suspended sentence and six-months probation for disorderly conduct, a reduced charge from the original charge of domestic violence. The trial court, prior to sentencing McLemore in this case, stated:
 Under the recidivism likely factors, the Court finds one factor, and that is that Mr. McLemore does have a prior conviction. It was a — a misdemeanor, a Disorderly Conduct conviction back in 1997, but that is a conviction. The Court would however assign just some or little weight to that factor.
* * *
 It's plain to see under recidivism and seriousness factors that the more serious factors, by a great margin, outweigh the less serious factors. And with regard to recidivism, the recidivism not likely slightly outweigh the recidivism likely factors.
 So what the Court is faced with is a case where recidivism in the future is not a big concern based upon the recidivism factors, but the seriousness of the case is a huge element in this case and that — that is of concern to the court.
It is clear that the trial court did not, as McLemore claims, determine the presence of a "recidivism likely" factor under subsection (1). While it is questionable whether a single misdemeanor conviction rises to the level of a "history of criminal convictions" (emphasis ours), it is clear from the trial court's remarks that this conviction had little, if any, role to play in the trial court's sentencing decision.
The second assignment of error is overruled.
 3. THE TRIAL COURT ERRED BY NOT MAKING THE STATUTORY FINDING THAT APPELLANT HAD LED A LAW-ABIDING LIFE FOR A SIGNIFICANT NUMBER OF YEARS PRIOR TO COMMITTING THE OFFENSE § 2929.12(E)(3).
The trial court did not find that McLemore, "(p)rior to committing the offense . . . had led a law-abiding life for a significant number of years." This is a "recidivism not likely" factor per R.C. 2929.12(E)(3).
We believe that McLemore's 1997 conviction could have, in the trial court's discretion, disqualified him for this characterization. In any event, the trial court stated that recidivism was "not a big concern," and we are confident that an affirmative finding as to R.C. 2929.12(E)(3) would not have affected the sentence the trial court imposed.
The third assignment is overruled.
The judgment will be affirmed.
BROGAN, J. and FAIN, J., concur.